UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



FILED
Apr 08, 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN RE: FIRST NATIONAL COLLECTION BUREAU, INC.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION                                                                                      MDL No. 2527

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant First National Collection Bureau, Inc. (FNCB) moves for centralization of this litigation in the Southern District of California. This litigation currently consists of three actions pending in the Eastern District of California, the Southern District of California, and the District of Nevada, as listed on Schedule A.[1] Plaintiffs in these actions each allege that FNCB violated the federal Telephone Consumer Protection Act (TCPA) by placing debt collection calls to plaintiffs' cellular telephones, without the plaintiffs' consent, using an "autodialer" or an artificial or prerecorded voice.

Plaintiffs in each of the three actions on the motion support centralization in the Southern District of California. Alternatively, the plaintiffs in the Eastern District of California and the District of Nevada support centralization in those respective districts if the Panel does not select the Southern District of California as the transferee forum. Plaintiff in the potential tag-along action in the Southern District of Ohio favors centralization in that district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the District of Nevada will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that FNCB placed debt collection calls to plaintiffs' cellular telephones using an automated system, without the plaintiffs' consent. Although there are relatively few parties and actions at present, efficiencies can be gained from having these actions proceed in a single district. All of the actions are brought on behalf of putative nationwide classes of individuals allegedly contacted by FNCB in violation of the TCPA. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. Centralization also is consistent with our prior decisions involving similar TCPA claims. *See, e.g.*, *In re Collecto, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2513, __ F. Supp. 2d __,

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.

[1] The Panel has taken notice of a related action pending in the Southern District of Ohio. This and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

-2-

2014 WL 709767 (J.P.M.L. Feb. 18, 2014); *In re Convergent Tel. Consumer Prot. Act Litig.*, MDL No. 2478, __ F. Supp. 2d __, 2013 WL 5596117 (J.P.M.L. Oct. 8, 2013).

      We conclude that the District of Nevada is the most appropriate transferee district for pretrial proceedings in this litigation.  FNCB is located in this district, and therefore relevant documents and witnesses are likely to be located there.  The district is both convenient and accessible for the majority of the parties.  We are convinced that the District of Nevada has the necessary judicial resources and expertise to efficiently manage this litigation, and centralization in this district provides us the opportunity to assign the litigation to the Honorable Kent J. Dawson, an experienced jurist who we are confident will steer this litigation on a prudent course.

      IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Nevada are transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Kent J. Dawson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer      Sarah S. Vance
Ellen Segal Huvelle

I hereby attest and certify on 4/8/2014 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By /s/ Summer Rivera     Deputy Clerk

IN RE: FIRST NATIONAL COLLECTION BUREAU, INC.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION  MDL No. 2527

### SCHEDULE A

Eastern District of California

NEAL V. FIRST NATIONAL COLLECTION BUREAU, INC., C.A. No. 2:13−01206

Southern District of California

HUNTER V. FIRST NATIONAL COLLECTION BUREAU, INC., C.A. No. 3:13−01515

District of Nevada

BEELL V. FIRST NATIONAL COLLECTION BUREAU, INC., C.A. No. 2:13−01303